UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

*Ft. Lauderdale Division*
www.flsb.uscourts.gov

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.,     Case No. 09-34791-BKC-RBR
                                                                 Chapter 11
       Debtor.
_____/

VM SOUTH BEACH, LLC,                          Adversary Case No. 13-01295-RBR
a New York limited liability company,

       Plaintiff,
v.

CASA CASUARINA, LLC, et al.,

       Defendants.
_____/

**PLAINTIFF, VM SOUTH BEACH, LLC'S MOTION TO DEEM ADMITTED REQUESTS FOR ADMISSION SERVED ON DEFENDANT CASA CASUARINA, LLC, OR, ALTERNATIVELY, TO COMPEL ANSWERS THERETO**

       Plaintiff, VM South Beach, LLC ("Plaintiff"), by its undersigned attorneys, pursuant to Fed. R. Civ. P. 36 and 37 made applicable to this adversary by Bankruptcy Rules 9036 and 9037 moves this Court to enter an order deeming admitted and conclusively established Plaintiff's requests for admission served on Defendant Casa Casuarina, LLC ("Defendant"), or, in the alternative, to enter an order compelling Defendant to answer the requests for admission served on November 21, 2012 and says:

       1.       Plaintiff filed this mortgage foreclosure action in the United States District Court for the Southern District of Florida on December 23, 2011 as No. 11-24612-CIV-KMM. Herbert Stettin as trustee for the bankruptcy estate of Rothstein Rosenfeldt & Adler PA ("Trustee") in

this case was joined as a defendant on April 26, 2012 because, in *Stettin v. Casa Casuarina, LLC*, Adv. No. 11-2779-RBR in this Court, he had claimed an equitable lien upon the property subject to Plaintiff's mortgage. The automatic stay that became applicable when the Trustee was joined was lifted by agreed order. [No. 09-34791, D.E. 2595]. On November 21, 2012 Plaintiff served VM South Beach, LLC's First Request for Admissions to Defendant Casa Casuarina, LLC. Responses would have been due on December 24, but, effective December 19, 2012 the Trustee obtained the reimposition of the automatic stay. [No. 09-34791, D.E. 3660]. On the date the stay was reimposed, 28 of the 33 days allowed for Defendant to respond to the Request for Production had passed. After the reimposition of the stay, on December 26, 2012, "*in an abundance of caution*," Defendants objected to each request citing solely the order reimposing the stay and "*without prejudice to Defendants' right to serve applicable objections under the Federal Rules of Civil Procedure should the stay be lifted.*"

  2. On March 19, 2013, this proceeding was transferred from the District Court to this Court for resolution. [D.E. 1]. On May 9, 2013, with five (5) days of the 33 days allowed for response remaining, this Court implicitly lifted the reimposed stay when it entered an order consolidating this adversary for discovery with the *Stettin v. Casa Casuarina* adversary, directing that discovery be filed only in this case and scheduling a pretrial conference for August 14, 2013, implying an August 2, 2013 deadline for the completion of all discovery. [D.E. 76]. Despite Plaintiff's counsel's requests, no other objections or answers have been served.

  3. A true and correct copy of VM South Beach, LLC's First Request for Admissions to Defendant Casa Casuarina, LLC is attached as **Exhibit A**.

  4. Defendants Casa Casuarina, Peter Loftin, and Luxury Resorts collectively responded to VM South Beach, LLC's First Request for Admissions to Defendant Casa

Casuarina, LLC by objecting to each request on the sole basis of the automatic stay that was reimposed in the main Bankruptcy action relating to Plaintiff:

> *Defendants object to this request based on the automatic stay imposed by the Court in In re: Rothstein Rosenfeldt Adler, PA, Case No. 09-34791-RBR, United States Bankruptcy Court, Southern District of Florida. [DE 3660]. These responses are being served in an abundance of caution and without prejudice to Defendants' right to serve applicable objections under the Federal Rules of Civil Procedure should the stay be lifted.*

A true and correct copy of Defendants' Responses to VM South Beach, LLC's First Request for Admissions is attached as **Exhibit B**.

5. On May 9, 2013,[1] this Court entered an Order consolidating discovery for this adversary proceeding and a related adversary proceeding, *Stettin v. Casa Casuarina, LLC*, No. 11-2779-RBR. [D.E. 76]. This Court specifically ordered that all "discovery requests, deposition notices, subpoenas and other discovery related documents, and all responses or objections thereto" shall be filed only in this adversary proceeding. [D.E. 76, ¶ 3]. In the same Order, this Court set the pretrial conference for August 14, 2013 in both this adversary proceeding and *Stettin v. Casa Casuarina, LLC*, No. 11-2779-RBR. [D.E. 76, ¶ 3]. While the Court has not yet entered a pre-trial order in this adversary proceeding, the Court's Order Setting Filing And Disclosure Requirements For Pretrial And Trial filed in the *Stettin v. Casa Casuarina* adversary [D.E. 3] requires all discovery in that proceeding be completed not later than ten (10) days before the pretrial conference, or August 2, 2013.

6. Since the automatic stay was implicitly lifted on May 9, 2013, with only five (5) days of the 33 originally allowed for responses remaining, the new deadline for responses was

---

[1] The Order was docketed on May 13, 2013, but it was signed and entered on May 9, 2013.

May 13, 2013.  Starting after that date, Plaintiff's counsel has inquired of Defendants' counsel about the outstanding discovery.  Correspondence was ignored.  Attempts to set a conference call to discuss these issues were pushed off to the future.  Yet no substantive objections or answers have been provided to date.

7. Plaintiff's counsel certifies that the most recent attempt at resolving these issues resulted in Defendants' counsel stating that no conference could be held to *discuss* the issues before June 11, 2013.  With pending discovery deadlines looming, Plaintiff cannot wait any longer.

### Argument and Memorandum of Law

8. This Court has jurisdiction for this Motion pursuant to Fed. R. Civ. P. 36 and 37 made applicable by Fed. R. Bankr. P. 7036 and 7037 and Local R. 7026-1.

9. Defendant's blanket objections and complete failure to respond is based on this Court's reimposition of the automatic stay relating to Plaintiff in the main Bankruptcy action, 09-34791-RBR, United States Bankruptcy Court, Southern District of Florida. [D.E. 3660].  That Order was entered on December 19, 2012, after Plaintiff's discovery was served in the District Court and before Defendants' answers were due.

10. On May 9, 2013, this Court implicitly lifted that stay for discovery to go forward in the adversary proceeding. Specifically, the Court ordered that discovery was to be consolidated, that the pretrial conference would occur on August 14, 2012, and that the corresponding discovery cutoff would expire on August 2, 2012.

11.     This discovery is well overdue.  Plaintiff served Defendant with Requests for Admission on November 21, 2012.  Defendant had 33 days[2] to respond to Plaintiff's Requests.  Twenty-eight days expired prior to the reimposition of the automatic stay on December 19.  The remaining five (5) days expired on May 14, 2013 after the Court's vitiation of the automatic stay through its May 9, 2013 Order.   That was three weeks ago.

12.     Thus, while Defendant was served with Plaintiff's discovery requests over six months ago and despite Plaintiff's attempts to obtain substantive objections or answers, Defendant has continued to ignore their discovery obligations.  Plaintiff's inability to obtain discovery is, without question, preventing Plaintiff from prosecuting this action.  As the Middle District Court has explained:  **"**The object of discovery is to get the facts out on the table so that the parties and the Court understand what is . . . in dispute and they can intelligently apply the law to the operative facts." *Vanliner Ins. Co. v. ABF Freight System, Inc*., No. 11-cv-122-Oc-10TBS, 2011 WL 4703105 at *1 (M.D. Fla. Oct. 4, 2011).  However, when a party—like Defendant—fails to respond to discovery, "our system of justice is thwarted and time and money are unnecessarily expended by the parties, their lawyers, and the Court." *Id*.

13.     Fed. R. Bankr. P. 7037(a)(1) allows a party to "move for an order compelling disclosure or discovery."   Moreover, Fed. R. Bank. P. 7036 provides that Requests for Admissions are "admitted unless, within 30 days after service of the request  . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . ." and that "[a]ny matter admitted under this rule is conclusively established . . . ." Florida Bankruptcy Courts have routinely found unanswered Requests for Admission admitted

---

[2]Federal Rule 36 provides for a response deadline of thirty days.  Plus, the benefit of an additional three mailing days is added through Rule 6. These Rules are made applicable to Bankruptcy proceedings by Fed. R. Bankr. P 7036 and 9006.

and conclusively established.  *In re Brummitt*, 323 B.R. 522, 528 (Bankr. M.D. Fla. 2005); *American Express Travel Related Serv. Co., Inc., v. Tabar (In re Tabar)*, 220 B.R. 701, 703 (Bankr. M.D. Fla. 1998).

WHEREFORE, Plaintiff, VM South Beach, LLC, requests this Court (1) grant its motion deeming Plaintiff's Requests for Admission admitted and conclusively established, (2) in the alternative, grant its motion to compel responses to the requests for admission, and (3) award such other relief this Court deems just and equitable under the circumstances.

Dated this 10th day of June, 2013.

Respectfully submitted,

By: /s/  Edward A. Marod
David M. Wells, Esq.
Florida Bar No. 0309291
Edward A. Marod, Esq.
Florida Bar No. 238961
Laura Fortney Gross, Esq.
Florida Bar No. 0020531
Gunster, Yoakley & Stewart, P.A.
Phillips Point, Suite 500 East
777 South Flagler Drive
West Palm Beach, FL  33401-6194
Telephone:     (561) 650-0522
Facsimile:      (561) 655-5677

## CERTIFICATES:

## PURSUANT TO LOCAL RULE 9011-4(B):

I hereby certify that I am admitted to the Bar of the U.S. District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 10th day of June, 2013, I electronically filed the foregoing document with the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all parties and counsel of record identified on the attached Service List via U.S. Mail and transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/ Edward A. Marod
Edward A. Marod, Esq.

## SERVICE LIST

**By CM/ECF:**

John R. Dodd    doddj@gtlaw.com

Frank P Scruggs    fscruggs@bergersingerman.com

Aaron Weiss    aweiss@carltonfields.com

**BY US Mail:**

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual notice/service).

Ronald M Friedman
19 W Flagler St #620
Miami, FL 33130

Manuel Agustin Guarch IV
1 Alhambra Plaza #1130
Miami, FL 33134

Thomas Meeks
100 SE 2nd St #4200
Miami, FL 33131

Premier Protective Services Inc.
c/o Victor Mancebo, Agent
13780 SW 56th Street
Suite 200
Miami, FL 33175

Israel Umberto Reyes
1 Alhambra Plaza #1130
Coral Gables, FL 33134

Adam Jason Steinberg
200 S Andrews Ave #903
Fort Lauderdale, FL 33301

United States of America Internal Revenue Service
c/o Richard Goldman
Branch Chief & Authorized Agent
1111 Constitution Ave NW
Washington, DC 20224

Laurie Marine Weinstein
350 E Las Olas Blvd #1000
Fort Lauderdale, FL 33330

Ronald M Rosengarten
333 Avenue of the Americas
Miami, FL 33131

JAX_ACTIVE 3318649.1