ORDERED in the Southern District of Florida on  06/11/13 .



_____
Raymond B. Ray, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:

ROTHSTEIN, ROSENFELDT, ADLER, PA,       Case No. 09-34791-BKC-RBR

Debtor(s).                              Chapter 11
_____/

VM SOUTH BEACH LLC,                     Adv. Case No. 13-1295-RBR

Plaintiff.
v.

CASA CASUARINA LLC, et al.,

Defendants.
_____/

### ORDER DENYING MOTION TO DISMISS [D.E. 42]

THIS MATTER came before the Court for a hearing on May 15, 2013, upon the Renewed Motion to Dismiss Pursuant to 12(b)(1) and 12(b)(6) or, Alternatively, for an Additional Stay to Conduct Further Jurisdictional Discovery (the "Motion to Dismiss") [D.E. 42] filed by Defendants Casa Casuarina, LLC and Peter Loftin (the "Loftin Defendants"), the Response [D.E. 43] filed by Plaintiff VM South Beach, LLC ("VM"), and the Reply [D.E. 47] thereto. The Court having considered the Motion, Response, Reply, case file, and arguments of counsel, and for the reasons set forth below, concludes that the Motion to Dismiss should be denied.

## BACKGROUND

This adversary proceeding is an action to foreclose a mortgage commenced by VM filing a four-count complaint in the United States District Court for the Southern District of Florida (the "District Court"), styled *VM South Beach, LLC v. Casa Casuarina, LLC*, No. 11-24612-CIV-Rosenbaum. The Amended Complaint [D.E. 21] (the "Complaint") pleads four counts: Count I is a claim for foreclosure the mortgage; Count II is a claim for foreclosure the security interests; Count III is a claim for assignment of rents; and Count IV is a claim to enforce a recourse liability agreement between VM and Peter Loftin. The Complaint alleges that, on December 21, 2006, the Loftin Defendants obtained a loan from WestLB, a German joint stock company, acting through its New York branch, in the principal amount of $25 million. The loan was evidenced by a promissory note and secured *inter alia* by a mortgage, security interests, and an assignment of rents. The Complaint further alleges that the Loftin Defendants defaulted on the loan by failing to submit an interest payment due on January 3, 2011 or any payments thereafter, and by failing to pay the loan at maturity on December 22, 2011. The Complaint also alleges that the loan was assigned by WestLB to VM on December 16, 2011.

Before considering the Motion to Dismiss, the District Court considered a request to refer VM's foreclosure action to this Court pursuant to 28 U.S.C. § 157(a). The District Court held that "related to" jurisdiction under 28 U.S.C. § 1334(b) existed over Counts I – III, but not Count IV. Therefore, the District Court referred Counts I – III and all pending matters pertaining to those Counts to this Court. [D.E. 1] (the "Order of Referral"). Accordingly, the matter currently before this Court is the Loftin Defendants' Motion to Dismiss Counts I – III of the Complaint.

The Loftin Defendants move to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on three grounds. First, VM has failed to plead standing adequately to prosecute this action. Second, the Complaint is a shotgun-style pleading. Third, Count III is improperly pled pursuant to Florida law rather than New York law. The Court will address these arguments in turn.

2

## CONCLUSIONS OF LAW

A. <u>Legal Standard for a Motion to Dismiss.</u>

A complaint should be dismissed for failure to state a claim if no set of facts can be proven that would support a claim for relief. Fed.R.Civ.P. 12(b)(6); Fed.R.Bankr.P. 7012. In considering a motion to dismiss, this Court will accept all well-pleaded allegations as true and view the motion in the light most favorable to the non-moving party. *Id*; *In re Vision Dev. Grp. of Broward Cnty.*, LLC, 07-17778-RBR, 2008 WL 5640097 (Bankr. S.D. Fla. Nov. 5, 2008). Although "a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint's factual allegations must be enough to raise a right to relief above a speculative level" and cannot be "naked allegations devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). In analyzing a motion to dismiss, the court is required to examine the complaint as a whole. *See Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1253 (11th Cir. 2005). As this Court has noted, the court must not "weigh the evidence that might be presented at trial but merely . . . determine whether the complaint itself is legally sufficient." *In re Arizen Homes, Inc.*, 07-15650-BKC-RBR, 2009 WL 393863, *2 (Bankr. S.D. Fla. Jan. 22, 2009) (quoting *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985)).

B. <u>VM has Sufficiently Pled its Standing.</u>

VM has adequately pled its standing to maintain this foreclosure action.[1] Under Florida law, the proper party with standing to foreclose a note and mortgage is the holder of the note and mortgage. *See Chem. Residential Mortgage v. Rector*, 742 So.2d 300, 300 (Fla. 1st DCA 1998) (holding that complaint properly stated cause of action for foreclosure by alleging that the

---

[1] The pleading also conforms to the foreclosure complaint form that the Florida Supreme Court has certified as stating a cause of action. *See* Florida Rules of Civil Procedure, Form 1.944.

plaintiff is the holder of the note and mortgage). VM has pled it is the holder of the note and mortgage. Complaint ¶ 21. By pleading that it holds the note and mortgage, in addition to each step leading up to that allegation, the Court finds that VM has met is pleading burden. At this stage in the litigation, taking the allegations of the Complaint as true and in the light most favorable to VM, the Court cannot conclude that no set of facts could be proven that would support VM's standing.

### C. The Complaint Does Not Constitute a Shotgun Pleading.

A shotgun pleading creates a situation in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit disapproves of these styles of pleadings and states that "[s]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice." *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001). When faced with a shotgun pleading, the defendants should move the Court for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e)[2] or the Court may *sua sponte* strike the pleading and require the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 983 (11th Cir. 2008).

The Loftin Defendants did not move the Court to require VM to provide a more definite statement, as directed by the Eleventh Circuit, and the Court will not *sua sponte* strike the pleading and require it because the Complaint does not constitute a shotgun pleading. Paragraphs 1 - 12 of the Complaint set forth allegations related to jurisdiction, venue and the identity of the parties. Paragraphs 13 – 20 set forth the history of the loan, the assignment of

---

[2] Rule 12(e) states in pertinent part:
> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must ... point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed.R.Civ.P. 12(e).

4

the loan to VM, and the Loftin Defendants' default. It is appropriate to incorporate each of these allegations into Counts I – III because each allegation is necessary to properly plead the claim for the relief sought in each respective Count. It is equally appropriate that Counts II and III incorporate the allegations of Count I (paragraphs 21 through 27) by reference because these allegations are necessary to state a claim for relief for foreclosure of the security interest (Count II) and to enforce an assignment of rents (Count III). Therefore, the Court concludes that the Complaint is not a shotgun pleading.

  D. <u>Count III Properly States a Claim for Assignment of Rents under Florida Law.</u>

  VM seeks to enforce the assignment of rents contained in the Mortgage in Count III of the Complaint under Fla. Stat. § 697.07. *See* Ex. "C" to Complaint [D.E. 21-5] (the "Mortgage"). The Mortgage specifically provides that it is governed by Florida law stating:

> <u>Governing Law</u>. This Mortgage is made by Mortgagor and is accepted by Mortgagee in the State of Florida, under the laws of such jurisdiction, and shall be construed, enforced, and interpreted and governed by and in accordance with the laws of the State of Florida. Whenever possible, each provision of this Mortgage shall be interpreted in such a manner as to be effective and valid under applicable law.

Mortgage § 5.6. This provision demonstrates that the parties' express intent is that Florida law governs and should be applied to the Mortgage, including the enforcement of the assignment of rents. The parties further incorporated Fla. Stat. § 697.07 into the Mortgage, providing:

> <u>Compliance With Law</u>. The provisions of this Mortgage are intended to comply, and be read together with, the laws of the State of Florida, in connection with the creation, perfection and enforcement of the lien created by this Mortgage including, without limitation, any applicable foreclosure law.

Mortgage § 5.18. Under this provision, Florida law is read into and incorporated as part of the creation, perfection and enforcement of the lien created by the Mortgage.

  In determining choice of law based upon a contractual choice of law provision, the contract will be governed in accordance with the intent of the parties absent any evidence of fraud or unequal bargaining power that would undermine the validity of the choice of law provision. *See Dickinson v. Executive Bus. Grp., Inc.*, 983 F. Supp. 1395, 1397 (M.D. Fla.

5

1997).   Florida enforces choice of law provisions unless the law of the chosen forum contravenes strong public policy.  *See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000).  As there has been no allegation of fraud, unequal bargaining power, or applicable law contravening public policy, this Court will respect the choice of law provision provided in sections 5.6 and 5.18 of the Mortgage.  Given these express contractual provisions, this Court finds that the Mortgage is governed by Florida law, and VM may properly state a claim for the assignment of rents under Fla. Stat. § 697.07.

In arguing that VM may enforce its assignment of rents pursuant to only New York law, the Loftin Defendants rely on a New York choice of law provision in the loan agreement.  *See* Ex. "A" to Complaint [D.E. 21-1, 2, and 3] (the "Loan Agreement").  The Loftin Defendants read this provision in conjunction with section 5.23 of the Mortgage, which states:

> <u>Inconsistency with Other Loan Documents</u>. In the event of any inconsistency between the provisions hereof and the provisions in any of the other Loan Documents, it is intended that the provisions of the Loan Agreement shall control over the provisions of this Mortgage, and the provisions of this Mortgage shall control over the provisions of the other Loan Documents.

Mortgage § 5.23.  There is no inconsistency that would warrant this Court not giving effect to the choice of law provision the parties specified in the Mortgage.  The Loan Agreement is governed by New York law whereas the Mortgage is governed by Florida law.  Since Count III references only the Mortgage, then the claim for assignment of rents under Count III is governed by Florida law.  Furthermore, the parties contemplated that following a default by the Loftin Defendants, VM might have multiple remedies arising under various loan documents, and expressly provided that VM has the right to exercise any and all of those remedies.  *See* Loan Agreement § 10.3. There is nothing inconsistent in VM seeking to enforce the note pursuant to New York law and to enforce the assignment of rents in the Mortgage pursuant to Florida law.  Therefore, as provided in sections 5.6 and 5.18 of the Mortgage, VM's claim for assignment of rents in Count III is properly pled under Florida law.

## CONCLUSION

Accordingly, it is

**ORDERED** as follows:

1. The Motion to Dismiss [D.E. 42] is **DENIED** without prejudice.

2. The Loftin Defendants shall file an answer to the Complaint no later than fourteen (14) days after the entry of this Order.

### ###

Copy provided to:
Ronald M. Rosengarten, Esq.
*[Attorney Rosengarten is directed to serve a copy of this Order on all interested parties and to file a certificate of service.]*